

**U.S. Department of Justice**

*United States Attorney*
*District of Connecticut*

---

*Connecticut Financial Center*     *(203)821-3700*
*157 Church Street, 25th Floor*     *Fax (203) 773-5376*
*New Haven, Connecticut 06510*     *www.justice.gov/usao/ct*

April 8, 2025

W. Theodore Koch III
Koch, Garg, Walker & Smart LLP
8 West Main Street, Suite 2-10
Niantic, CT 06357

United States District Court
District of Connecticut
FILED AT   BRIDGEPORT
April 8          2025
Dinah Milton Kinney, Clerk
By_____
Deputy Clerk

  Re: United States v. Matthew Santos
    Case No. 3:24cr221 (SRU)

Dear Attorney Koch:

  This letter confirms the plea agreement between your client, Matthew Santos (the "defendant"), and the United States Attorney's Office for the District of Connecticut (the "Government") in this criminal matter.

## THE PLEA AND OFFENSE

  In consideration for the benefits offered under this agreement, Matthew Santos agrees to plead guilty to Count Four of a nine-count indictment charging violations of 18 U.S.C. § 933(a)(3) and (b).

  The defendant understands that, to be guilty of Count Four, firearms trafficking conspiracy, the following essential elements must be satisfied:

1. That two or more people entered into an agreement to traffic firearms in violation of Title 18, United States Code, Sections 933(a)(1) and 933(a)(2); and

2. That the defendant knew the unlawful purpose of the agreement and joined in it willfully, that is, with the intent to further the unlawful purpose.

W. Theodore Koch III, Esq.
Page 2

## THE PENALTIES

### Imprisonment

This offense carries a maximum penalty of 15 years of imprisonment.

### Supervised Release

In addition, the Court may impose a term of supervised release of not more than 3 years to begin after any term of imprisonment. 18 U.S.C. § 3583.

The defendant understands that, should he violate any condition of supervised release, he may be required to serve a further term of imprisonment of up to two years per revocation pursuant to 18 U.S.C. § 3583 with no credit for time already spent on supervised release.

### Fine

Under 18 U.S.C. § 3571, the maximum fine that may be imposed on the defendant is the greatest of the following amounts: (1) twice the gross gain to the defendant resulting from the offense or twice the gross loss resulting from the offense, whichever is greater; or (2) $250,000.

### Special Assessment

In addition, the defendant is obligated by 18 U.S.C. § 3013 to pay a special assessment of $100 on each count of conviction. The defendant agrees to pay the special assessment to the Clerk of the Court on the day the guilty plea is accepted.

### Interest, penalties, and fines

Unless otherwise ordered, should the Court impose a fine or restitution of more than $2,500 as part of the sentence, interest will be charged on the unpaid balance of the fine or restitution not paid within 15 days after the judgment date. 18 U.S.C. § 3612(f). Other penalties and fines may be assessed on the unpaid balance of a fine or restitution pursuant to 18 U.S.C. § 3572(h), (i) and § 3612(g). The defendant reserves the right to request that the Court waive interest and penalties as permitted by statute, and the Government reserves the right to oppose any such request.

### Forfeiture

Pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), the defendant agrees to forfeit to the United States his interest in the property described herein, which are the firearms charged in Count Four of the Indictment: (1) a Beretta Model M9, .22 caliber pistol, bearing serial number BM063634, seized on or about October 2, 2024 in New Haven, Connecticut; and (2) a polymer 80 firearm with no serial number, magazine, and all related ammunition seized with this firearm, all of which were seized on or about October 9, 2024 in New Haven, Connecticut.

W. Theodore Koch III, Esq.
Page 3

The defendant agrees to waive all interests in the firearm and ammunition described above ("the forfeitable assets"), in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant agrees to consent to the entry of orders of forfeiture for each of the forfeitable assets and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise the defendant of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), at the time the guilty plea is accepted.

The defendant agrees to hold the United States, its agents, and its employees harmless from any claims whatsoever in connection with the seizure or forfeiture of the above-listed asset(s) covered by this agreement. The defendant further agrees to waive all constitutional and statutory challenges in any manner to any forfeiture carried out in accordance with this plea agreement on any grounds. The defendant also understands and agrees that by virtue of the plea of guilty, the defendant waives any rights or cause of action to claim that the defendant is a "substantially prevailing party" for the purpose of recovery of attorney fees and other litigation costs in any related forfeiture proceeding pursuant to 28 U.S.C. § 2465(b)(1).

## THE SENTENCING GUIDELINES

### Applicability

The defendant understands that the Court is required to consider any applicable Sentencing Guidelines as well as other factors enumerated in 18 U.S.C. § 3553(a) to tailor an appropriate sentence in this case and is not bound by this plea agreement. The defendant agrees that the Sentencing Guidelines determinations will be made by the Court, by a preponderance of the evidence, based upon input from the defendant, the Government, and the United States Probation Office. The defendant further understands that he has no right to withdraw his guilty plea if his sentence or the Guidelines application is other than he anticipated, including if the sentence is outside any of the ranges set forth in this agreement.

### Acceptance of Responsibility

At this time, the Government agrees to recommend that the Court reduce by two levels the defendant's adjusted offense level under § 3E1.1(a) of the Sentencing Guidelines, based on the defendant's prompt recognition and affirmative acceptance of personal responsibility for the offense. Moreover, should the defendant qualify for a decrease under § 3E1.1(a) and his offense level determined prior to the operation of subsection (a) is level 16 or greater, the Government will file a motion with the Court pursuant to § 3E1.1(b) which recommends that the Court reduce the defendant's Adjusted Offense Level by one additional level based on his prompt notification of his intention to enter a plea of guilty. The defendant understands that the Court is not obligated to accept the Government's recommendations on the reductions.

The above-listed recommendations are conditioned upon the defendant's affirmative demonstration of acceptance of responsibility, by (1) truthfully admitting the conduct comprising

W. Theodore Koch III, Esq.
Page 4

the offense(s) of conviction and truthfully admitting or not falsely denying any additional relevant conduct for which the defendant is accountable under § 1B1.3 of the Sentencing Guidelines, and (2) disclosing to the United States Attorney's Office and the United States Probation Office a complete and truthful financial statement detailing the defendant's financial condition. The defendant expressly authorizes the United States Attorney's Office to obtain a credit report concerning the defendant.

In addition, the Government expressly reserves the right to seek denial of the adjustment for acceptance of responsibility if the defendant engages in any acts, unknown to the Government at the time of the signing of this agreement, which (1) indicate that the defendant has not terminated or withdrawn from criminal conduct or associations (§ 3E1.1 of the Sentencing Guidelines); (2) could provide a basis for an adjustment for obstructing or impeding the administration of justice (§ 3C1.1 of the Sentencing Guidelines); or (3) constitute a violation of any condition of release. Moreover, the Government reserves the right to seek denial of the adjustment for acceptance of responsibility if the defendant seeks to withdraw his guilty plea or takes a position at sentencing, or otherwise, which, in the Government's assessment, is inconsistent with affirmative acceptance of personal responsibility. The defendant understands that he may not withdraw his plea of guilty if, for the reasons explained above, the Government does not make one or both of the recommendations or seeks denial of the adjustment for acceptance of responsibility.

<u>Stipulation</u>

Pursuant to § 6B1.4 of the Sentencing Guidelines, the defendant and the Government have entered into the attached stipulation, which is a part of this plea agreement. The defendant understands that this stipulation does not set forth all of the relevant conduct and characteristics that may be considered by the Court for purposes of sentencing. The defendant understands that this stipulation is not binding on the Court. The defendant also understands that the Government and the United States Probation Office are obligated to advise the Court of any additional relevant facts that subsequently come to their attention.

<u>Guidelines Stipulation</u>

The parties agree as follows:

The Guidelines Manual in effect on the date of sentencing is used to determine the applicable Guidelines range.

The defendant's base offense level under U.S.S.G. § 2K2.1(6)(B) is 14. Two levels are added because one of the firearms was stolen, pursuant to U.S.S.G. § 2K2.1(4)(A). The adjusted offense level of 16 is increased by five levels pursuant to U.S.S.G. § 2K2.1(b)(5)(C)(III) for a total offense level of 21. Three levels are subtracted under U.S.S.G. § 3E1.1 for acceptance of responsibility, as noted above, resulting in a total offense level of 18.

Based on an initial assessment, the parties agree that the defendant falls within Criminal History Category I. The parties reserve the right to recalculate the defendant's Criminal History

W. Theodore Koch III, Esq.
Page 5

Category, eligibility for a zero-point-offender reduction, and corresponding sentencing ranges if this initial assessment proves inaccurate. The government reserves its right to argue that any such re-calculation is not a basis for any downward departure or variance and its right to oppose any request from the defendant for such a departure or variance.

A total offense level of 18, assuming placement in Criminal History Category I, would result in a Guidelines range of 27 to 33 months of imprisonment (sentencing table) and a fine range of $10,000 to $100,000 (U.S.S.G. § 5E1.2(c)(3)). The defendant also is subject to a supervised release term of 1 years to 3 years. U.S.S.G. § 5D1.2.

The Government and the defendant reserve their rights to seek a departure or a non-Guidelines sentence, and both sides reserve their right to object to a departure or a non-Guidelines sentence. Moreover, the defendant reserves the right to argue that a fine is not appropriate in this case, and the Government reserves the right to argue that a fine is appropriate in this case.

The defendant understands that the Court is not bound by this agreement on the Guideline ranges specified above. The defendant further understands that he will not be permitted to withdraw the guilty plea if the Court imposes a sentence outside any of the ranges set forth in this agreement.

In the event the United States Probation Office or the Court contemplates any sentencing calculations different from those stipulated by the parties, the parties reserve the right to respond to any inquiries and make appropriate legal arguments regarding the proposed alternate calculations. Moreover, the parties reserve the right to defend any sentencing determination, even if it differs from that stipulated by the parties, in any post-sentencing proceeding.

### Information to the Court

The parties reserve their rights to address the Court with respect to an appropriate sentence to be imposed in this case. Moreover, the Government will discuss the facts of this case, including information regarding the defendant's background and character, 18 U.S.C. § 3661, with the United States Probation Office and will provide the Probation Officer with access to material in its file, with the exception of grand jury material.

## WAIVER OF RIGHTS

The defendant acknowledges and agrees that he is knowingly, intelligently, and voluntarily waiving the following rights:

### Waiver of Trial Rights and Consequences of Guilty Plea

The defendant understands that he has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent him.

W. Theodore Koch III, Esq.
Page 6

The defendant understands that he has the right to plead not guilty or to persist in that plea if it has already been made, the right to a public trial, the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against him, the right not to be compelled to incriminate himself, the right to testify and present evidence, and the right to compel the attendance of witnesses to testify in his defense. The defendant understands that by pleading guilty he waives those rights and that, if the plea of guilty is accepted by the Court, there will not be a further trial of any kind.

The defendant understands that, if he pleads guilty, the Court may ask him questions about each offense to which he pleads guilty, and if he answers those questions falsely under oath, on the record, and in the presence of counsel, his answers may later be used against him in a prosecution for perjury or making false statements.

Waiver of Statute of Limitations

The defendant agrees that, should the conviction following the defendant's guilty plea be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this plea agreement (including any indictment or counts the Government has agreed to dismiss at sentencing pursuant to this plea agreement) may be commenced or reinstated against the defendant, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement or reinstatement of such prosecution. The defendant agrees to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date the plea agreement is signed.

Waiver of Right to Challenge Conviction

The defendant acknowledges that under certain circumstances he is entitled to challenge his conviction. By pleading guilty, the defendant waives his right to appeal or collaterally attack his conviction in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255 and/or § 2241. In addition to any other claims the defendant might raise, the defendant waives the right to challenge the conviction based on (1) any non-jurisdictional defects in the proceedings before entry of this plea, (2) a claim that the statute(s) to which the defendant is pleading guilty is unconstitutional, and (3) a claim that the admitted conduct does not fall within the scope of the statute. This waiver does not preclude the admitted defendant from raising a claim of ineffective assistance of counsel in an appropriate forum.

Waiver of Right to Appeal or Collaterally Attack Sentence

The defendant acknowledges that under certain circumstances, the defendant is entitled to challenge his sentence. In consideration for the benefits offered under this agreement, the defendant agrees not to appeal or collaterally attack the sentence in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255 and/or § 2241, if that sentence does not exceed 33 months of imprisonment, 3 years of supervised release, a $100 special assessment, and forfeiture as set forth herein, even if the Court imposes such a sentence based on an analysis different from that specified above. Similarly, the defendant will not challenge any condition of

W. Theodore Koch III, Esq.
Page 7

supervised release imposed by the Court for which he had notice and an opportunity to object. The Government and the defendant agree that this waiver applies regardless of whether the term of imprisonment is imposed to run consecutively to or concurrently with, in whole or in part, the undischarged portion of any other sentence that has been imposed on the defendant at the time of sentencing in this case. Furthermore, the parties agree that any challenge to the defendant's sentence that is not foreclosed by this provision will be limited to that portion of the sentencing calculation that is inconsistent with (or not addressed by) this waiver. This waiver does not preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum.

## ACKNOWLEDGMENT OF GUILT AND VOLUNTARINESS OF PLEA

The defendant acknowledges that he is entering into this agreement and is pleading guilty freely and voluntarily because the defendant is guilty. The defendant further acknowledges that he is entering into this agreement without reliance upon any discussions between the Government and the defendant (other than those described in the plea agreement letter), without promise of benefit of any kind (other than the concessions contained in the plea agreement letter), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges his understanding of the nature of the offense to which the defendant is pleading guilty, including the penalties provided by law. The defendant also acknowledges his complete satisfaction with the representation and advice received from his undersigned attorney. The defendant and his undersigned counsel are unaware of any conflict of interest concerning counsel's representation of the defendant in the case.

## SCOPE OF THE AGREEMENT

The defendant acknowledges that this agreement is limited to the undersigned parties and cannot bind any other federal authority, or any state or local authority. The defendant acknowledges that no representations have been made to him with respect to any civil or administrative consequences that may result from this plea of guilty because such matters are solely within the province and discretion of the specific administrative or governmental entity involved. Finally, the defendant acknowledges that this agreement has been reached without regard to any civil tax matters that may be pending or which may arise involving the defendant.

## COLLATERAL CONSEQUENCES

The defendant understands that he will be adjudicated guilty of each offense to which the defendant has pleaded guilty and  will be deprived of certain rights, such as the right to hold public office, to serve on a jury, to possess firearms and ammunition, and, in some states, the right to vote. Further, the defendant understands that if he is not a citizen of the United States, a plea of guilty may result in removal from the United States, denial of citizenship, and denial of admission to the United States in the future. The defendant understands that pursuant to section 203(b) of the Justice For All Act, the Federal Bureau of Prisons or the United States Probation Office will collect a DNA sample from the defendant for analysis and indexing. Finally, the defendant understands that the Government reserves the right to notify any state or federal

W. Theodore Koch III, Esq.
Page 8

agency by which the defendant is licensed, or with which the defendant does business, as well as any current or future employer of the fact of his conviction.

## SATISFACTION OF FEDERAL CRIMINAL LIABILITY; BREACH

The defendant's guilty plea, if accepted by the Court, will satisfy the federal criminal liability of the defendant in the District of Connecticut as a result of the defendant's participation in the unlawful trafficking of firearms into Connecticut, which forms the basis of the indictment in this case. After sentencing, the Government will move to dismiss counts one through three and five through nine of the indictment because the conduct underlying the dismissed counts will have been taken into account in determining the appropriate sentence. This provision does not apply to any conduct unknown to the Government at the time of the signing of this agreement.

The defendant understands that if, before sentencing, he violates any term or condition of this agreement, engages in any criminal activity, or fails to appear for sentencing, the Government may void all or part of this agreement. If the agreement is voided in whole or in part, the defendant will not be permitted to withdraw the guilty plea.

## NO OTHER PROMISES

The defendant acknowledges that no other promises, agreements, or conditions have been entered into other than those set forth in this plea agreement, and none will be entered into unless set forth in writing, signed by all the parties.

This letter shall be presented to the Court, in open court, and filed in this case.

Very truly yours,

MARC H. SILVERMAN
ACTING UNITED STATES ATTORNEY

STEPHANIE T. LEVICK
ASSISTANT UNITED STATES ATTORNEY

The defendant certifies that he has read this plea agreement letter and its attachment(s) or has had it read or translated to him, that he has had ample time to discuss this agreement and its attachment(s) with counsel and that he fully understands and accepts its terms.

MATTHEW SANTOS
The Defendant

4/8/25
Date

W. Theodore Koch III, Esq.
Page 9


     I have thoroughly read, reviewed, and explained this plea agreement and its attachment(s) to my client who advises me that he understands and accepts its terms.


_____          Date _4/8/25_____
W. THEODORE KOCH III, ESQ.
Attorney for the Defendant

W. Theodore Koch III, Esq.
Page 10

## STIPULATION OF OFFENSE CONDUCT AND RELEVANT CONDUCT

The defendant and the Government stipulate to the following offense conduct and relevant conduct that give rise to the defendant's agreement to plead guilty to Count Four of the indictment:

1. On or about October 2, 2024, the defendant willfully agreed with co-defendant Lindsey Edwards to sell a firearm, specifically a Beretta Model M9, .22 caliber pistol bearing serial number BM063634, to an individual, and delivered that Beretta firearm to Edwards for the purposes of selling and disposing to a third-party buyer.

2. On or about October 9, 2024, the defendant willfully agreed with co-defendant Lindsey Edwards to sell a firearm, specifically a polymer 80 firearm with no serial number, magazine, and assorted ammunition to an individual, and delivered that Polymer 80 firearm to Edwards for the purposes of selling and disposing to a third-party buyer.

3. At all relevant times during the course of the conspiracy, the defendant willfully joined into the agreement with the intent to further the unlawful trafficking of firearms.

This written stipulation is part of the plea agreement. The defendant and the Government reserve their right to present additional offense conduct and relevant conduct to the Court in connection with sentencing.

MATTHEW SANTOS
The Defendant

STEPHANIE T. LEVICK
ASSISTANT UNITED STATES ATTORNEY

W. THEODORE KOCH III, ESQ
Attorney for the Defendant